Filed 3/30/16  P. v. Russell CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER RUSSELL,<br><br>    Defendant and Appellant. | 2d Crim. No. B265043<br>(Super. Ct. No. 2010009736)<br>(Ventura County) |

Christopher Russell, appeals an order revoking his Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq).[1]  Appellant contends that his due process rights were violated because he was not arraigned within 10 days of his arrest or provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*) before PRCS was revoked.  We affirm.

*Facts and Procedural History*

In 2010, appellant was sentenced as a two strikes offender to four years state prison for unlawful possession of a firearm by a felon.  (§§ 12021, subd. (a)(1); 667, subds. (b)-(i)/1170.12.)  Appellant was released in 2014 and placed on PRCS supervision with drug and non-gang affiliation terms.  On April 8, 2015, appellant was arrested after he failed to report for scheduled meetings, tested positive for methamphetamine, failed to

---

[1] All statutory references are to the Penal Code unless otherwise stated.

attend substance abuse treatment, and associated with a gang member. It was the sixth time appellant had been returned to custody for not complying with PRCS supervision terms.

At the April 10, 2015 probable cause hearing, the supervising PRCS officer recommended 90 days jail with 30 days time served. Appellant rejected the recommendation, denied violating PRCS, and requested appointment of counsel.

On April 17, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS. (§ 3455.) Appellant moved to dismiss the petition on the ground that he had not been arraigned or provided a *Morrissey*-compliant probable cause hearing. The trial court denied the motion, found that appellant violated PRCS, and ordered 90 days county jail with 60 days credit.

*Discussion*

Appellant argues that his procedural due process rights were violated because he was not arraigned within 10 days of his arrest and did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here utilized are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (Mar. 2, 2016, B264167) __ Cal.App.4th __ [2016 Cal.App. Lexis 167]. We follow our own precedent. Appellant's contentions are without merit.

*Disposition*

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.

                                        YEGAN, J.
We concur:

        GILBERT, P. J.


        PERREN, J.

2

Matthew Guasco, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender County of Ventura, Michael C. McMahon, Chief Deputy, William Quest, Senior Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.